IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| MARQUIS DESHAWN MARTIN, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) 1:21CV119 |
| | ) 1:19CR494-1 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a motion (Docket Entry 14) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In 2019, Petitioner pled guilty, without a plea agreement, to possession with the intent to distribute heroin and, in 2020, he was sentenced to 108 months of imprisonment. (Docket Entries 1-2, 12; 9/20/2019, 2/6/2020 Minute Entries.) Petitioner did not appeal but instead filed the instant motion. (Docket Entry 14, ¶ 8.) The Government filed a response (Docket Entry 18) and though Petitioner was notified of his right to file a reply (Docket Entry 19) no reply has been filed and the time to do so has long since expired. This matter is now prepared for a ruling. *See* Rule 8, Rules Governing § 2255 Proceedings.

## GROUND FOR RELIEF

Petitioner raises a single ground for relief contending that he is "[e]ligible for partial relief (2-point offense level reduction) provided through the U.S. Sentencing Guidelines[,] § 5C1.2(a)." (Docket Entry 14, Ground One.) In support, Petitioner states "I meet the criteria set forth in the Sentencing Guidelines requiring a reduction of offense level points, therefore

requiring a recalculation of applicable guideline range." (*Id.*) This is the entirety of Petitioner's contention and, for the following reasons, it is not persuasive.

More specifically, Petitioner asserts that he was entitled to the application of the "safety valve" in sentencing. Section 2D1.1(b)(18) of the advisory sentencing guidelines requires a two-level reduction if a defendant meets all the requirements of U.S.S.G. § 5C1.2(a)(1)-(5). This is referred to as the "safety valve." The problem with Petitioner's ground, however, is that non-constitutional claims that could have been raised on direct appeal and were not may not be raised in a collateral proceeding under § 2255. *Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976). Petitioner's safety valve argument in this claim is a non-constitutional claim, it was not argued on direct appeal, and consequently it cannot be raised in this proceeding. *See United States v. Sang*, 139 F.3d 895 (4th Cir. 1998) ("Appellant alleged that the district court should have reduced his base offense level under the 'safety valve' provision, U.S. Sentencing Guidelines Manual § 5C1.2 (1994). Because Appellant failed to raise this non-constitutional claim in his direct appeal, he may not assert it in this collateral proceeding. Accordingly, we deny a certificate of appealability and dismiss the appeal.") (citation omitted).

Similarly, as the Fourth Circuit Court of Appeals has previously pointed out, absent a miscarriage of justice, an erroneous application under the advisory guidelines cannot be corrected on collateral review. More specifically,

> [t]he language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. The Supreme Court has instructed that only those errors presenting a "fundamental defect which inherently results in a complete miscarriage of justice" are cognizable. *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (internal quotation marks omitted). We are not convinced that Appellant's

2

> pre-*Simmons* career offender designation meets this high bar. Neither Appellant's federal offense of conviction nor his state convictions qualifying him as a career offender have been vacated, he was sentenced under an advisory sentencing scheme, and we are hesitant to undermine the judicial system's interest in finality to classify a Sentencing Guidelines error as a fundamental defect.

*United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015).

Here, Petitioner does not assert—and the Court cannot see—a fundamental defect that resulted in a miscarriage of justice.[1] His assertion that the Court erroneously failed to apply the safety valve at sentencing is therefore barred by *Foote*.

Moreover, even if Petitioner's ground were cognizable, it would still fail. To be eligible for the safety valve, a defendant must establish, among other criteria, that before sentencing, "[he] truthfully provided to the Government all information and evidence . . . concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . .". *See* U.S.S.G. § 5C1.2(a)(5). Consequently, in pertinent part, the safety valve provision premises its applicability on a defendant's having truthfully disclosed all information and evidence to the Government. *See* U.S.S.G. § 5C1.2(a)(5).

In this regard, the Fourth Circuit has held:

> that the burden rests on the defendant to prove that the prerequisites for application of the safety valve provision, including truthful disclosure, have been met. *United States v. Ivester*, 75 F.3d 182, 184-85 (4th Cir. 1996) (holding that it is not sufficient that a defendant stands ready to disclose fully if the Government were to approach him to seek information; the plain

---

[1] For Petitioner, the statutory maximum term of imprisonment was 20 years, while the advisory guideline imprisonment range was 108 to 135 months. (Docket Entry 9, ¶¶ 71-72.) The Court entered judgment against Petitioner sentencing him to 108 months in prison, far below the 20-year maximum authorized by law. (Docket Entry 12.) *See* 21 U.S.C. § 841(b)(1)(C).

3

language of the safety valve provision requires that a defendant must demonstrate that he has fully and truthfully disclosed even if he has never been approached by the Government), *cert. denied*, 518 U.S. 1011, 116 S.Ct. 2537, 135 L.Ed.2d 1060 (1996); *see, e.g., United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996) (burden on defendant to prove full disclosure was made to be entitled to application of the safety valve provision).

*Beltran-Ortiz*, 91 F.3d at 669. With respect to the truthful disclosure requirement, "[t]o carry his burden, the defendant must persuade the district court that he has made full, truthful disclosure of information required by the safety valve." *United States v. Aidoo*, 670 F.3d 600, 607 (4th Cir. 2012). The safety valve "requires broad disclosure from the defendant; it is a tell-all provision that requires the defendant to truthfully supply details of his own culpability." *Id.* at 609 (citation omitted).

Here, Petitioner has failed to allege, much less demonstrate, that he satisfied the truthful disclosure criterion of the safety valve.[2] While it is true that Petitioner provided a brief statement following his arrest that he received the drugs from "John," there is no allegation, much less evidence, that he fully debriefed and truthfully provided "all information and evidence the defendant has concerning the offense or offenses." (U.S.S.G. § 5C1.2(a)(5); Docket Entry 9, ¶ 13.) This disqualifies Petitioner from safety valve consideration.[3] Because

---

[2] During Petitioner's sentencing hearing the presentence report did not contain an adjustment for the safety valve and the calculation (without a downward adjustment for the safety valve) was adopted by the Court with no change, and no objection from Petitioner. (Docket Entry 16 at 3.) Additionally, the Court stated during the hearing, "The resulting advisory guideline calculation is as follows: A total offense level of 29. A criminal history category of III. A guideline imprisonment range of 108 to 135 months. A supervised release range of not less than three years. A fine range of 30,000 to $1 million. And a special assessment of $100 is mandatory." *Id.* Petitioner offered no additional evidence and made no objections.

[3] *See United States v. Cyrus*, 238 Fed. Appx. 929, 2007 WL 1988482 *2 (4th Cir. 2007) (finding incomplete disclosure by defendant who failed to disclose what he intended to do with the purchased

4

Petitioner points to no evidence that he provided truthful and complete information about the instant drug offense,[4] Petitioner did not qualify for the safety valve reduction under U.S.S.G. § 5C1.2. Thus, Petitioner failed to meet his burden to show that he meets the prerequisites for the safety valve adjustment. Even if considered, his motion should be denied.

## CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion (Docket Entry 14) to vacate, set aside, or correct sentence be **DENIED** and that judgment be entered dismissing the action.

*[signature]*
Joe L. Webster
United States Magistrate Judge

September 27, 2022
Durham, North Carolina

---

cocaine and what his prior involvement in drug dealing had been); *Ivester*, 75 F.3d at 184-85 (noting that the plain language of the safety valve provision requires that a defendant must demonstrate that he has fully and truthfully disclosed all information, even if he has never been approached by the Government); *see United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996) (burden on defendant to prove full disclosure to be entitled to application of the safety valve provision).

[4] As demonstrated above, while Petitioner states in a conclusory manner that he meets the safety valve provision of the guidelines, he does not assert, much less demonstrate, that he truthfully disclosed all information and evidence to the Government. (Docket Entry 14, Ground One.) Additionally, in its response to Petitioner's motion, the Government contended that Petitioner did not make such a disclosure. (Docket Entry 18 at 8.) Petitioner was notified of his right to reply to the Government's response, including its assertion that Petitioner did not truthfully disclose all information and evidence to the Government. However, Petitioner did not file a reply.